## Case No. 4,999.

### In re FOWLER.

[2 Lowell, 122.] 1

District Court, D. Massachusetts. May, 1872.

A. Wellington, for bankrupt.
F. Woodside, for creditor.

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

LOWELL, District Judge. It appears that the plaintiff; so to call him, has a provable debt, for which an action is pending in a state court. Under section 26 of the bankrupt act [of 1867 (14 Stat. 529)], which requires all such suits to await the determination of the question of discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain it, it is my practice to permit any creditor, whether he has proved his debt or not, to apply for such an order as was granted in this case, to show cause why he should not receive his discharge, or be refused it. If this were not allowed, every state court, where any suit was pending against the bankrupt, would be obliged to inquire whether any delays that might have occurred in this court were due to the bankrupt's fault; an issue which might often be not only very embarrassing to the state court, but might lead to misunderstandings and counter orders in the different jurisdictions. When, therefore, any creditor demands it, after the lapse of the year allowed by statute, and perhaps in some cases before that time, I proceed to require the bankrupt to bring forward the case, or be refused his discharge.

I am not prepared to grant the second part of the application, and hear objections from a creditor who has neglected for so many years to take any steps in the cause. Supposing it to be true that the bankrupt has dealt unlawfully with the original objecting creditor, and has influenced his action by a pecuniary consideration, contrary to section 29, yet this is alleged to have been done long ago, and the present applicant, when he discovered the fact, did so with no view to the proceedings here. He was merely looking up the evidence here, in order to see what his rights were at common law. It seems to be in violation of sound practice to let him in to oppose the discharge at this time. All that a creditor in that situation can do is to speed the cause on the record as it stands.

I have known the argument to be advanced that a creditor should be heard against the discharge, at any time before it is actually taken out; because, if he discovers any fraud before that time, he cannot obtain a rescission of the discharge under section 34. But my opinion is that section 34 must be construed to mean, that if within two years after the actual date of the discharge, or of the order for it, a creditor applies to annul it, and proves a fraud such as is referred to in that section, and proves that he did not know of the fraud on the return-day of the order to show cause, on the bankrupt's application for his discharge, he is entitled to have it set aside. My reason is, that the return-day is the last day on which a creditor has a right to appear. It cannot be that he is to be barred of his petition to annul, by a knowledge which was too late to be of any use to him, nor that he is bound to apply to the court for

an enlargement of time, in every case in which the discharge happens not to have been issued or granted as soon as the bankrupt was entitled to have it. By intendment of law, the rights of the debtor and his creditors are ascertained on the return-day. But the debtor cannot defeat the operation of the thirty-fourth section by neglecting for two years to procure an order of discharge. It follows, as a reasonable construction of the whole section, according to its true intent, that different points of time must be considered as referred to by the two phrases, in themselves very much alike, concerning the time for applying to annul, and the time after which the creditor must have acquired his knowledge, else the discovery of a fraud during the interval, long or short, after the bankrupt's right to his discharge is fixed, and before it is actually granted, will be a casus omissus. The protection which the court has, in this precise case now before me, is that the bankrupt must make oath that he has not influenced any creditor.

Discharge to be granted, if the bankrupt files the usual certificate and oath within fourteen days; without prejudice to the right of this creditor to apply under section 34.